IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-20160
Summary Calendar

CHARLES ST. JOHN

Plaintiff - Appellant

v.

SIRIUS SOLUTIONS, LLLP

Defendant - Appellee

Appeal from the United States District Court for the Southern District of
Texas, Houston Division

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Charles St. John brought this action against his employer, Sirius Solutions, LLLP, asserting claims for employment discrimination and retaliation under the Americans with Disabilities Act.[1] The district court granted summary judgment in favor of Sirius on all claims. St. John appeals only the district court's ruling on the retaliation claim. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 12101 et seq.

St. John was a consultant employed by Sirius, who, along with his long-time friend and manager, Leara Higginbotham, provided tax consulting services to NCI Building Systems, Inc. During that project, Higginbotham disclosed to two NCI employees that St. John was homosexual, had HIV, and was a member of Alcoholics Anonymous. St. John responded by emailing his disapproval to two Sirius managers. Soon thereafter, NCI requested Sirius take St. John off the project, citing missed deadlines, controversial billing, and an incident in which St. John lost his temper. Sirius complied. St. John contends this adverse employment action was taken by Sirius in retaliation for his email opposition to an unlawful employment practice.

To make a prima facie case of retaliation under the ADA, St. John must demonstrate that: (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment action.[2]

We agree with the district court that St. John did not engage in protected activity. To engage in protected activity, here "oppos[ing] any act or practice made unlawful by [the ADA],"[3] St. John must show that he had a "reasonable belief that the employer was engaged in unlawful employment practices."[4] St. John points to two emails that he contends constitute opposition to an unlawful employment practice under the ADA. The first, to a managing partner at Sirius, informed the partner that Higginbotham had disclosed "extremely personal aspects of his life, including health issues" to NCI employees. The second, to a human resource employee at Sirius, informed the employee that Higginbotham had disclosed his AA membership and HIV condition to NCI employees. These

---

[2] Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 348 (5th Cir. 2007).

[3] 42 U.S.C. § 12203(a).

[4] Turner, 476 F.3d at 348.

emails do not demonstrate that St. John was opposing what he reasonably believed was an unlawful practice under the ADA. While the emails mention a medical condition, the emails do not complain of discrimination based on this condition. They merely complain of disclosure, which is not protected under the ADA. It was not reasonable for St. John to believe the emails opposed an employment practice made unlawful by the ADA, and thus they were not protected activity.[5] St. John fails to make a prima facie showing of unlawful retaliation.[6] Accordingly summary judgment was appropriate. AFFIRMED.

---

[5] Id. at 348-49.

[6] We also agree with the district court that St. John fails to establish a causal link between the protected conduct, here the emails, and the adverse employment action. NCI requested that St. John be removed from the project without any knowledge of the emails.

3